David M. Poore, SBN 192541
dpoore@kahnbrownlaw.com
Scott A. Brown, SBN 177099
sbrown@kahnbrownlaw.com
KAHN BROWN & POORE LLP
755 Baywood Drive, Suite 185
Petaluma, California 94954
Telephone:    (707) 763-7100
Facsimile:    (707) 763-7180

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA COZZI, MARTHA GRIGSBY, BEVERLY HODGES, YUN BIN HSU, JOAN G. MONTEVERDI, MARYBETH PASCALE, MONICA H. PATENAUDE, MARGARET A. TURNER, THOMAS R. WATSON<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MARIN; MARIO ZAMUDIO; GRETCHEN MELENDY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF**<br><br>-VIOLATIONS OF GOVERNMENT CODE §§ 12940, 12941 *ET. SEQ.*;<br>-VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 2000e, *ET SEQ.*;<br>-FAILURE TO PREVENT AND INVESTIGATE HARASSMENT;<br>-VIOLATIONS OF THE ADEA, 29 U.S.C. §§ 621, *ET. SEQ.*;<br>-VIOLATION OF 42 U.S.C. §§ 1981, 1983, 1985, *ET SEQ.*;<br>-VIOLATIONS OF THE CALIFORNIA CONSTITUTION<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs complain and alleges as follows:

### PARTIES AND JURISDICTION

1.    Plaintiff MARIA COZZI is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff COZZI is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA"),

Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

2. Plaintiff MARTHA GRIGSBY is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff GRIGSBY is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

3. Plaintiff BEVERLY HODGES is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff HODGES is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

4. Plaintiff YUN BIN HSU is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff HSU is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

5. Plaintiff JOAN G. MONTEVERDI is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff MONTEVERDI is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

6. Plaintiff MARY BETH PASCALE is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff PASCALE is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

7. Plaintiff MONICA PATENAUDE is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff PATENAUDE is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

8. Plaintiff MARGARET A. TURNER is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff TURNER is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

9. Plaintiff THOMAS R. WATSON is, and at all relevant times hereto, has been a resident of the State of California. Plaintiff WATSON is, and at all relevant times hereto, has been an employee of defendants within the meaning of California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq. ("ADEA").

10. Defendant COUNTY OF MARIN, including its departments, units, and/or political subdivisions, is and at all relevant times hereto, was an employer operating as public entity within the State of California, County of Marin, who regularly employed more than 15 persons.

11. Defendant COUNTY OF MARIN is a county municipality located within the State of California and doing business as a government entity under color of state authority and law.

12. Defendant MARIO ZAMUDIO is an individual whose residence is located in the State of California. Defendant ZAMUDIO is an employee of the County of Marin. For purposes of the cause of action under the Civil Rights Act, defendant ZAMUDIO is being sued in his individual capacity acting under color of law

13. Defendant ZAMUDIO is a supervisor and/or management employee for purposes of FEHA, ADEA, and/or Title VII. At all relevant times, defendant ZAMUDIO was one of

plaintiffs' supervisors, and was a relevant decision-maker for purposes of the adverse employment actions referenced below.

14. Defendant GRETCHEN MELENDY is an individual whose residence is located in the State of California. Defendant MELENDY is an employee of the County of Marin. For purposes of the cause of action under the Civil Rights Act, defendant MELENDY is being sued in her individual capacity acting under color of law

15. Defendant MELENDY is a supervisor and/or management employee for purposes of FEHA, ADEA, and/or Title VII. At all relevant times, defendant MELENDY was one of plaintiffs' supervisors, and was a relevant decision-maker for purposes of the adverse employment actions referenced below.

16. This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. Section 2000e-5, 42 U.S.C. Section 1983, 29 U.S.C. Section 621, and 28 U.S.C. Section 1331.

17. This Court has venue over this action pursuant to 42 U.S.C. Section 2000e-5 in that defendant COUNTY OF MARIN employed plaintiff within the territorial boundaries of this judicial district.

18. This Court has jurisdiction over defendant COUNTY OF MARIN in that it is a government agency that, at all relevant times herein, employed plaintiff and operated under color of state authority within this judicial district.

19. This Court has jurisdiction over defendants ZAMUDIO and MELENDY in that they supervised plaintiffs in this judicial district.

20. This Court has jurisdiction over plaintiff's California state law causes of action in that the state claims are derived from the same common nucleus of operative facts as the federal causes of action.

21. Plaintiffs have exhausted all administrative remedies with the Department of Fair Employment and Housing and/or the U.S. Equal Employment Opportunity Commission. Each

plaintiff filed a timely administrative charge with the EEOC and DFEH, and has filed this action within 90 days of service of the right-to-sue letters.

22. Plaintiffs are informed and believe, and thereby allege that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and were acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them. Furthermore, plaintiffs are informed and believe that defendants were, at all relevant times, one integrated enterprise and/or employer for purposes of FEHA and Title VII.

23. Plaintiffs do not know the true names and capacities of defendants sued herein as DOES 1 through 50, and therefore sues these defendants by fictitious names.  Plaintiffs will amend this complaint to state the true names and capacities when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences and damages alleged herein, and that each plaintiff's damages as hereinafter set forth were proximately caused by said defendants.

**FACTUAL BACKGROUND**

24. At all relevant times herein, plaintiffs were employees over the age of 40, and, as such, they are members of a protected category for purposes of FEHA and ADEA.  Moreover, plaintiffs Hodges, Watson, and Patenaude suffered from serious medical conditions and disabilities that substantially limited their major life activities.

25. Plaintiffs were substantially older than defendants Melendy and Zamudio, and plaintiffs' average age was approximately 53 to 55 years old.

26. Plaintiffs are long-term employees at the County of Marin.  Plaintiffs were employed within the Administrative Services Division of the Marin County Probation Department.  At the time that plaintiffs began their employment with Marin County, they were qualified to assume their positions, and have always been qualified to work within their job classifications.  During plaintiffs' employment with the County of Marin, they performed their

job duties in an outstanding manner, and were provided with consistent praise regarding their skills and abilities and received regular merit increases.

27. During plaintiff Hodges, Watson, and Patenaude's employment, they suffered from a serious medical condition, physical and mental disability, and medical condition, including but not limited to cancer, chronic bronchitis, joint degeneration, and/or depression and anxiety. Plaintiffs' disabilities and medical conditions substantially limited their daily life activities.

28. These plaintiffs reported their disability and medical condition to defendants, and requested reasonable accommodations.

29. On or about March 27, 2007, plaintiffs attended a meeting with their supervisors, defendants Melendy and Zamudio, regarding the promotion selection process for Legal Process Supervisor (Acting). During this meeting, defendants advised plaintiffs that they would be promoting a substantially younger employee to the supervisory position. The substantially younger employee's age was approximately 27 years old, and she did not meet the minimum qualifications for the supervisor job. The younger employee had less than six months service with the County of Marin, and was still on probation when she was selected for the job. Plaintiffs' qualifications were far superior than the selected employee. Despite these facts, defendants unilaterally altered the minimum qualifications to allow for the selection of the younger employee, failed to post the position in accordance with County policy, and made it clear that the younger employee had been "groomed" for the supervisory job. Defendants further allowed the younger employee to terminate her probation period early to allow for her to become the acting supervisor.

30. When plaintiffs learned that the substantially younger employee would be selected for the job, they asked defendants to provide a legitimate, non-discriminatory reason for the selection, including an explanation as to why the defendants had not followed County policy in conducting the selection process. In response, defendant Melendy became overtly hostile towards plaintiffs, and made discriminatory comments based upon plaintiffs' ages, including "No one else is suitable. We want to have fresh faces in the department." When plaintiffs continued to

question why the defendants would select such an inexperienced employee as a supervisor, defendant Melendy became even more aggressive towards plaintiffs, and continued to repeat that defendants wanted "fresh new faces" and "fresh younger faces" in the Probation Department.

31. During this meeting, defendant Zamudio twice supported defendant Melendy's discriminatory comments and decision-marking process, and, when plaintiffs continued to raise their concerns regarding the selection process, defendant Zamudio simply smiled at plaintiffs in a manner that suggested that he was "amused" by the entire process. Defendant Zamudio ratified defendant Melendy's actions, and supported the comments regarding "fresh faces" in the Department.

32. On or about April 3, 2007, immediately following this meeting, plaintiffs made a written internal complaint of discrimination to defendants and their Equal Employment Office within the Human Resources Department. Plaintiffs requested an immediate workplace investigation into the unequal treatment and discriminatory comments, and further requested that the conduct immediately cease.

33. Once defendants learned of plaintiffs' complaint, they were furious. Defendants began harassing and targeting plaintiffs' employment with the ultimate goal of forcing plaintiffs to either quit or retire.

34. Moreover, defendants failed to adequately and properly investigate plaintiffs' complaint, and, instead, defendant engaged in a course of conduct to retaliate against plaintiffs with the ultimate goal of making their working conditions intolerable. The retaliatory conduct included, but was not limited to: (1) providing negative performance evaluations, (2) unilaterally reducing job duties and responsibilities, (3) increasing workload without any additional support or training, (4) excluding plaintiffs from meetings, (5) making inappropriate and discriminatory comments about plaintiffs, (6) fabricating incidents with other employees in an attempt to portray plaintiffs as incompetent, (7) providing untrue or false evaluations of plaintiffs' performance in an attempt to prevent plaintiffs from obtaining promotion or advancement, (8) creating a hostile work environment, (9) placing plaintiffs on unsupported performance improvement plans, (10)

changing the sick leave policy in an attempt to discipline plaintiffs, (11) providing untrue counseling regarding plaintiffs' employment performance, (12) targeting plaintiffs in the workplace in an attempt to find anything wrong, however slight, with their performance, (13) making accusations against plaintiffs, (14) altering overtime and supervisory pay requirements, and (15) engaging in other adverse employment actions.

35. On or about April 11, 2007, defendants' Equal Employment Office ("EEO") advised plaintiffs in writing that defendants were refusing to conduct an investigation into plaintiffs' internal complaint of discrimination. Instead, the EEO officer instructed plaintiffs to take the complaint up with their supervisors, including the actual defendants that were the subject of the complaint.

36. When plaintiffs discovered that defendants were refusing to take any action on their internal complaint of discrimination, they sought assistance from the Marin County Board of Supervisors. Plaintiffs attended a Board of Supervisors' meeting, and pleaded with the Board to assist them. The Board of Supervisors failed to take any reasonable measures to assist plaintiff, or comply with the equal employment opportunity laws.

37. When defendants learned that plaintiffs had brought this matter to the attention of the Board of Supervisors, the retaliation and harassment intensified. Defendants continued to harass and target plaintiffs employment in an attempt to force them out of the Department, and, with respect to the plaintiffs with disabilities and medical conditions, they refused reasonable accommodations and failed to engage in the good faith interactive process.

38. As a result, plaintiffs had no choice but to file administrative complaints of discrimination with the DFEH and EEOC. Once defendant became aware of these complaints, the discrimination, retaliation, and harassment intensified and continued.

39. Plaintiffs are informed and believe that defendant County of Marin has a custom, policy, pattern, and/or practice of failing to comply with the equal employment opportunity laws, including a pattern and practice of retaliating against employees that make workplace complaints of discrimination, harassment, or unequal treatment.

## FIRST CAUSE OF ACTION

(Age Discrimination – Defendant County of Marin and DOES 1-50)

40. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. California Government Code § 12941, et. seq., and the ADEA provide that it is an unlawful employment practice for an employer to discriminate in the terms and conditions of employment on the basis of age, including an older worker that is over the age of 40 years old.

42. Defendants violated Government Code § 12941, et. seq. and the ADEA with regard to plaintiffs when it discriminated against plaintiffs on the basis of age, refused to promote plaintiffs based upon age, and/or took other adverse employment actions against plaintiffs while providing more favorable treatment to substantially younger workers under the age of 40.

43. Defendants' conduct toward plaintiffs as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12941 and the ADEA.

44. As a direct and proximate result of defendants' conduct, plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

45. Defendants' actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

## SECOND CAUSE OF ACTION

(Association Discrimination – Defendant County of Marin and DOES 1-50)

46. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47. California Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to take any adverse employment action or otherwise discriminate against any person on the basis of association with a protected category, including age.

48. Defendants violated California Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. with regard to plaintiffs when they wrongfully disciplined, failed to promote, discriminated, and took other adverse employment actions against plaintiffs in the terms, conditions, or privileges of employment on the basis that plaintiffs associated with other employees over the age of 40.

49. Defendants' conduct towards plaintiffs, as alleged above, constitutes an unlawful employment practice in violation of California Government Code §12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

50. As a direct and proximate result of defendants' discriminatory acts, plaintiffs have suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

51. Defendants' actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to their damage in an amount according to proof.

## THIRD CAUSE OF ACTION

(Retaliation – Defendant County of Marin and DOES 1-50)

52. Plaintiffs incorporate herein by reference all the allegations contained in paragraphs 1 through 50 of this complaint as fully set forth herein.

53. California Government Code § 12940(h), ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an

unlawful employment practice, filing a complaint of discrimination or harassment, or participating in any investigation or proceeding involving a claim of discriminatory treatment.

54. Defendants violated Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiffs and other similarly situated employees when they retaliated against plaintiffs in the terms and conditions of employment, took adverse employment actions against plaintiffs for reporting and lodging complaints of discriminatory treatment in the workplace, participating in investigations or proceedings involving claims of discrimination, and requesting that defendants take immediate remedial measures and conduct fair and impartial investigations into discriminatory conduct on the part of supervisors and managers.

55. Defendants' conduct toward plaintiffs and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

56. As a direct and proximate result of defendants' retaliatory conduct, plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

57. Defendants' actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

///
///
///
///
///

## **FOURTH CAUSE OF ACTION**

(Harassment – All Defendants and DOES 1-50)

58. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 57 of this complaint as fully set forth herein.

59. California Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., prohibit an employer and any person from harassing any employee on the basis of age or association.

60. Defendant violated California Government Code § 12940, ADEA, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiffs when they engaged in a pattern and practice of harassment in the workplace based upon age, association, and asserting their statutory and constitutional rights under the equal employment opportunity laws, including comments that were inappropriate, unwelcome, offensive, and created a hostile work environment.

61. As a direct and proximate result of defendant' discriminatory acts, plaintiffs have suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

62. Defendant' actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to his damage in an amount according to proof.

63. As to defendants Melendy and Zamudio, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiffs and to cause plaintiffs mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to

plaintiffs and with the intent to injure plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these defendants only

## FIFTH CAUSE OF ACTION

(Failure to Prevent Harassment and Discrimination – Defendant County of Marin and DOES 1-50)

64. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 57 of this complaint as fully set forth herein

65. California Government Code § 12940(k) and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., provide that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace, including conducting an objective and reasonable workplace investigation into such complaints.

66. Defendants violated Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., with regard to plaintiffs and other similarly situated employees when defendants knowingly and recklessly refused to investigate plaintiffs' internal complaints of discrimination, harassment, and retaliation, failed to conduct reasonable and impartial investigations when plaintiffs and other employees complained about discriminatory conduct on the part of supervisors and management, and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

67. Defendants' conduct toward plaintiffs and other similarly situated employees as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

68. As a direct and proximate result of defendants' conduct, plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

69. Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

## SIXTH CAUSE OF ACTION

(Disability and/or Medical Condition Discrimination – Plaintiffs Hodges, Patenaude, and Watson v. Defendant County of Marin and DOES 1-50)

70. Plaintiff realleges and incorporates by reference Paragraphs 1 through 69 of this Complaint as though fully set forth herein.

71. California Government Code § 12940 prohibit an employer and any person from discriminating any employee on the basis of a disability, medical condition, or perceived disability.

72. Defendant violated California Government Code § 12940 with regard to plaintiffs Hodges, Patenaude, and Watson, when it discriminated against said plaintiffs on the basis of their physical disability, mental disability, and medical condition, and/or took other adverse employment actions against plaintiffs as a result of disability and/or medical condition.

73. As a direct and proximate result of defendant's discriminatory acts, plaintiffs have suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

74. Defendant's actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to her damage in an amount according to proof.

## SEVENTH CAUSE OF ACTION

(Reasonable Accommodation Violations – Plaintiffs Hodges, Patenaude, and Watson v. Defendant Marin County and DOES 1-50)

75. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76. California Government Code § 12940 provide that it is an unlawful employment practice for an employer to fail to make or engage in reasonable accommodations for an employee with a disability and/or medical condition.

77. Defendant violated California Government Code § 12940 with regard to with regard to said plaintiffs when it failed to provide plaintiff with reasonable accommodations for a known disability and/or medical condition.

78. As a direct and proximate result of defendant's discriminatory acts, plaintiffs have suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

79. Defendant's actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to their damage in an amount according to proof.

## EIGHTH CAUSE OF ACTION

(Failure to Engage in the Good Faith Interactive Process – Plaintiffs Hodges, Patenaude, and Watson v. Defendant Marin County and DOES 1-50)

80. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 79 of this Complaint as though fully set forth herein.

81. California Government Code § 12940 provide that it is an unlawful employment practice for an employer to fail to make or engage in the good faith interactive process to determine reasonable accommodations for an employee with a disability and/or medical condition.

82. Defendant violated California Government Code § 12940 with regard to with regard to plaintiffs Hodges, Patenaude, and Watson when it failed to engage plaintiffs in the good faith interactive process to determine reasonable accommodations for a known disability and/or medical condition so that plaintiff could return to work.

83. As a direct and proximate result of defendant's discriminatory acts, plaintiffs have suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries manifesting in physical illness and emotional distress.

84. Defendant's actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to their damage in an amount according to proof.

## NINTH CAUSE OF ACTION

(Violations of Civil Rights Laws – All Defendants and DOES 1-50)

85. Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 49 of this Complaint as fully set forth herein.

86. Defendants' actions and failures as alleged above constitute a custom, policy, pattern and practice of violations of the Civil Rights Laws of the United States, 42 U.S.C. §§ 1983, 1985. Defendants while acting under color of state authority and law wrongfully and intentionally discriminated against, retaliated against, and harassed plaintiffs because of their age, association, and because they opposed practices forbidden under the anti-discrimination laws and equal protection laws of the United States. Defendants further failed to provide plaintiffs with

procedural and substantive due process regarding adverse employment actions, failure to promote, and investigation into plaintiff's internal complaints of discrimination. Defendants further retaliated against plaintiffs and provided unequal treatment in the workplace when plaintiffs asserted their rights to free speech, association, and petition to the government for redress. Defendants' conduct, as set forth above, constitutes violations, under color of law, of plaintiff's rights, privileges, and immunities guaranteed to them by the First Amendment of the United States Constitution rights of free speech and to petition the government for redress of grievances, the equal protection clause of the United States Constitution, and the due process clauses of the Fourteenth Amendment of the United States Constitution.

87.  Defendants' actions have caused and continue to cause plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

88.  As to the individual defendants Melendy and Zamudio, the acts of these said defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure plaintiff and to cause plaintiffs mental anguish, anxiety, and distress. The defendants' acts were done in conscious disregard of the risk of severe emotional harm to plaintiffs and with the intent to injure plaintiffs, constituting oppression, fraud, malice under California Civil Code §3294, entitling plaintiffs to punitive damages against these defendants only.

### **TENTH CAUSE OF ACTION**

(Violations of the California Constitution – Defendant County of Marin and DOES 1-50 Marin)

89.  Plaintiffs incorporate herein by reference all of the allegations contained in paragraphs 1 through 88 of this Complaint as fully set forth herein.

90. The California Constitution, Article I, Section 7, provides that a public entity may not deprive a person of a property or liberty interest without due process of law, must provide equal protection to its employees, and shall not take any adverse actions for an employee that asserts their rights to free speech, association, and petition for redress.

91. In acting herein, defendant County of Marin violated plaintiffs' due process, free speech, association, petition for redress, and equal protection rights, including discriminating against plaintiffs, retaliating against plaintiffs, refusing to provide due process, and treating plaintiffs in an unequal manner in the workplace.

92. As a result of defendants' actions, plaintiffs seek equitable and injunctive relief, including but not limited to back-pay.

## **PRAYER FOR RELIEF**

Wherefore, plaintiffs pray for judgment against Defendants, and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For punitive damages against the individual defendants;

3. For prejudgment interest in an amount according to proof;

4. For equitable and/or injunctive relief according to proof,

5. For reasonable attorney's fees and cost of suit therein;

6. For such other and further relief as the court may deem proper.

7. **Plaintiffs hereby demand a trial by jury**.


Dated: July 29, 2008                    KAHN BROWN & POORE LLP


                                        By:_____
                                            David M. Poore
                                            Attorneys for Plaintiffs

-18-
COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
COZZI, ET. AL. V. COUNTY OF MARIN, ET. AL.                    CASE NO. _____