1  PATRICK K. FAULKNER, COUNTY COUNSEL
   Stephen Raab, SBN 180939
2  3501 Civic Center Drive, Room 275
   San Rafael, CA 94903
3  Tel.: (415) 499-6117, Fax: (415) 499-3796

4
   Attorney(s) for the County of Marin,
5

6

7                UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

| MARIA COZZI; MARTHA GRIGSBY; BEVERLY HODGES; YUN BIN HSU; JOAN G. MONTEVERDI; MARYBETH PASCALE; MONICA H. PATENAUDE; MARGARET A. TURNER; and THOMAS R. WATSON; | Case No.: USDC 08 3633 PJH |
|---|---|
| Plaintiffs, | ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN |
| v. | |
| COUNTY OF MARIN; MARIANO ZAMUDIO; GRETCHEN MELENDY; and DOES 1 through 50, | |
| Defendants. | |

**COME NOW** Defendant, COUNTY OF MARIN, in answer to Plaintiffs' Complaint, denies, admits, avers and alleges as follows:

1.    As to Paragraph 1, the answering Defendant denies Plaintiff COZZI was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

2.    As to Paragraph 2, the answering Defendant denies Plaintiff GRIGSBY was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

3. As to Paragraph 3, the answering Defendant denies Plaintiff HODGES was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

4. As to Paragraph 4, the answering Defendant denies Plaintiff HSU was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

5. As to Paragraph 5, the answering Defendant denies Plaintiff MONTEVERDI was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

6. As to Paragraph 6, the answering Defendant denies Plaintiff PASCALE was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

7. As to Paragraph 7, the answering Defendant denies Plaintiff PATENAUDE was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

8. As to Paragraph 8, the answering Defendant denies Plaintiff TURNER was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

9. As to Paragraph 9, the answering Defendant denies Plaintiff WATSON was and is an employee of the Defendants as stated. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides.

10. As to Paragraph 10, the answering Defendant County of Marin admits it is an employer operating as a public entity within California which regularly employs more than 15 persons. The answering Defendant County of Marin denies its departments, units, and political subdivisions are employers, or are defendants in this lawsuit.

11. The answering Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits that MARIANO ZAMUDIO is an employee of the County of Marin and is a resident of California. The final sentence of this paragraph is a legal conclusion, and is therefore denied.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

13. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 13.

14. The County of Marin lacks sufficient information and belief to enable it to answer where Plaintiff resides. As to the other allegations of this Paragraph, the answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 14.

15. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 15.

16. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 16.

17. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 17.

18. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 18.

19. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 19.

20. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 20.

21. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 21.

22. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 22.

23. The answering Defendant lacks sufficient information and belief to be able to admit or deny the allegations of Paragraph 23, and on that basis denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 23.

24. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 24.

25. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 25.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

26. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 26.

27. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 27.

28. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 28.

29. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 29.

30. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 30.

31. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 31.

32. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 32.

33. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 33.

34. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 34.

35. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 35.

36. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 36.

37. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 37.

38. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 38.

39. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 39.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

1  40. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 40.

41. Defendant admits that the law speaks for itself, as set forth in Paragraph 41.

42. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 42.

43. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 43.

44. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 44.

45. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 45.

46. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 46.

47. Defendant admits that the law speaks for itself, as set forth in Paragraph 47.

48. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 48.

49. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 49.

50. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 50.

51. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 51.

52. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 52.

53. Defendant admits that the law speaks for itself, as set forth in Paragraph 53.

54. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 54.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

55. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 55.

56. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 56.

57. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 57.

58. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 58.

59. Defendant admits that the law speaks for itself, as set forth in Paragraph 59.

60. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 60.

60. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 60.

61. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 61.

62. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 62.

63. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 63.

64. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 64.

65. Defendant admits that the law speaks for itself, as set forth in Paragraph 65.

66. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 66.

67. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 67.

68. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 68.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

69. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 69.

70. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 70.

71. Defendant admits that the law speaks for itself, as set forth in Paragraph 71.

72. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 72.

73. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 73.

74. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 74.

75. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 75.

76. Defendant admits that the law speaks for itself, as set forth in Paragraph 76.

77. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 77.

78. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 78.

79. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 79.

80. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 80.

81. Defendant admits that the law speaks for itself, as set forth in Paragraph 81.

82. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 82.

83. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 83.

84. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 84.

85. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 85.

86. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 86.

87. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 87.

88. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 88.

89. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 89.

90. Defendant admits that the law speaks for itself, as set forth in Paragraph 90.

91. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 91.

92. The answering Defendant denies each and every, all and singular, generally and specifically, the allegations contained in Paragraph 92.

**AFFIRMATIVE DEFENSES**

**1.    AS AND FOR A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' causes of action fail to state facts sufficient to constitute a cause of action or any claim against the answering Defendant.

**2.    AS AND FOR A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' causes of action are barred by the doctrines of waiver, issue preclusion, collateral estoppel and/or res judicata.

**3.    AS AND FOR A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' causes of action are barred for failure to exhaust

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

administrative remedies. Defendant alleges Plaintiffs has failed to pursue and/or exhaust other administrative or legal remedies available against this Defendant.

4. **AS AND FOR A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that any and all acts or omissions of the answering Defendant, or the agents or employees of the County of Marin, which allegedly caused the injuries or damages alleged in Plaintiff's complaint, were acts in the greatest of good faith and without malice, in accordance with good practice, and pursuant to the apparent authority granted to them by statutory and decisional law.

5. **AS AND FOR A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that it and any agents and/or employees of the County of Marin are not liable for any alleged damages by reason of the absolute immunity for acts taken in a legislative, prosecutorial and/or judicial capacity.

6. **AS AND FOR A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that it is entitled to an absolute or qualified immunity to the extent that the conduct of Defendant, alleged by Plaintiffs, is mandated, authorized and/or directed by law, regulations, statutes, ordinances or acts of the County of Marin, the State of California or the United Stated of America.

7. **AS AND FOR A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs have failed to mitigate any damages they allegedly suffered.

8. **AS AND FOR AN EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs, by their action and/or inaction, have waived Plaintiffs' rights to litigate the claims alleged in the complaint.

9. **AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, the answering Defendant alleges that Plaintiffs' complaint is preempted by the state workers' compensation laws.

10. **AS AND FOR A TENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that that its immune from liability for any actions that transpired

at the time and place of the events complained of by reason of the statutory immunities contained in California Government Code, Title I, Division 3.6, Part 2, Sections 810, et seq., including but not limited to Sections 815, 815.2(b), 815.6, 818, 818.8, 820(b), 820.2, 820.4, 820.6, 820.8, 821.6, and 822.2.

**11.** **AS AND FOR AN ELEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that its act were at all times proper and motivated only by legitimate and legally permissible business reasons and according to all local, state and federal rules, and the terms of the applicable collective bargaining agreement.

**12.** **AS AND FOR A TWELFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that any and all acts or omissions of the Defendant, or the agents or employees of the County of Marin, which allegedly caused the injuries or damages alleged in Plaintiffs' complaint, were the result of an exercise of discretion vested in them which is protected by the immunity of Government Code section 820.2.

**13.** **AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that Defendant's actions, if any, were lawful employment practices that were necessary to its business.

**14.** **AS AND FOR A FOURTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, the answering Defendant alleges that there was a legitimate and non-discriminatory and non-retaliatory reason for any employment actions taken by Defendant that Plaintiffs may consider to be negative employment actions.

**15.** **AS AND FOR A FIFTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant allege that any and all mandatory duties imposed upon these answering Defendant, the failure of which allegedly caused the Plaintiffs' injuries, were exercised with reasonable diligence and, therefore, Defendant is not liable to Plaintiffs for the alleged injuries.

**16.** **AS AND FOR A SIXTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' claims are barred by applicable statutes of limitations, including, but not limited to, claims filing requirements, charge filing requirements, Marin County Bona Fide Merit System, applicable Collective Bargaining Agreements and applicable grievance procedures, and California Code of Civil Procedure.

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

17. **AS AND FOR A SEVENTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that the alleged conduct was, in whole or in part, properly within the discretionary authority committed to Defendant to perform official functions, and that the relief and declaration prayed for would constitute an improper intrusion by the judiciary into said discretionary authority.

18. **AS AND FOR A EIGHTEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' claims are barred to the extent that Plaintiff has not first exhausted the required administrative remedies by filing a timely charge with the California Department of Fair Employment and Housing ("DFEH") and/or the Equal Employment Opportunity Commission ("EEOC").

19. **AS AND FOR A NINETEENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Plaintiffs' claims are barred to the extent they exceed the scope of the charge filed with the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"), if Plaintiffs have filed a proper charge.

20. **AS AND FOR A TWENTIETH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that Defendant's actions complained of by Plaintiffs occurred pursuant to, were mandated by, were approved by, or dictated by the Marin County Bona Fide Merit System and/or the applicable Collective Bargaining Agreement which provided for the actions alleged.

21. **AS AND FOR A TWENTY-FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that neither its acts, nor the acts of the agents/employees of the County of Marin were a substantial or proximate cause of Plaintiffs' alleged injuries.

22. **AS AND FOR A TWENTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that if it is found, contrary to Defendant's allegations herein, that Defendant engaged in any discriminatory or retaliatory employment practice as alleged in Plaintiffs' complaint, such action on Defendant's part was not an unlawful employment practice because

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

the practice has a manifest relationship to the employment in question and was essential to the safety and efficiency of the employer's business.

**23. AS AND FOR A TWENTY-THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that Plaintiffs' complaint is barred by the doctrine of laches, unclean hands and/or the after-acquired evidence doctrine.

**24. AS AND FOR A TWENTY-FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** and each cause of action thereof, this answering Defendant alleges that at all time relevant hereto, an adequate remedy existed and exists at law, and therefore equitable relief should be denied.

**25. AS AND FOR A TWENTY-FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE** to Plaintiffs' complaint, Defendant alleges that it may be entitled to assert various privileges, immunities, and affirmative defenses a set forth in common law, statues and the constitutions of the United States, the State of California and the California State Government Code, the California Tort Claims Act and/or various other statutory, regulation, or case law. The full nature and extent of such affirmative defenses as applicable thereto are presently unknown to this answering Defendant. Therefore, answering Defendant prays leave of this Honorable Court to amend this answer to allege the applicable, immunities, privileges and defenses when ascertained.

**26. AS AND FOR A TWENTY-SIX, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that Plaintiffs were careless and negligent in and about the matters and things set forth and described therein; that said carelessness and negligence of Plaintiffs proximately caused or contributed to the injuries and damages alleged by Plaintiffs; that the injuries and damages sustained by Plaintiffs, if any, were and are the proximate result of the said carelessness and negligence of Plaintiffs; and that by reason thereof the Plaintiffs' damages must be diminished or extinguished in proportion to the degree of fault attributable to the Plaintiffs.

**27. AS AND FOR A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT,** and each cause of action thereof, this answering Defendant alleges that any damages sustained by Plaintiffs, as alleged in the Complaint, were caused by or

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

contributed to by the intentional or negligent acts of persons or entities other than this answering Defendant, including the Plaintiffs. In the event that any fault of this answering Defendant is found to have contributed to any such damages, Plaintiff's recovery, if any, from this answering Defendant is limited to that percentage of Plaintiffs' damages which is equal to the percentage by which this answering Defendant's negligence or fault contributed to Plaintiffs' damages.

**28. AS AND FOR A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering defendant alleges that plaintiffs' complaint is preempted by the various union law related to collective bargaining agreements and union relations with employers.

**29. AS AND FOR A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering Defendant alleges that Defendant's actions, if any, were based upon bona fide occupational qualifications.

**30. AS AND FOR A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering Defendant alleges that Defendant's actions, if any, were lawful employment practices that were necessary to its business.

**31. AS AND FOR A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering Defendant alleges that Defendant provided opportunity for reasonable accommodation to Plaintiffs in good faith.

**32. AS AND FOR A THIRTY-SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering Defendant alleges that Defendant's conduct was lawful in that Plaintiffs were unable to perform an essential job duty even with reasonable accommodation.

**33. AS AND FOR A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO SAID COMPLAINT**, and each cause of action thereof, this answering Defendant alleges that Plaintiffs' proposed accommodations would create an undue hardship to the operation of it business.

**WHEREFORE, the Answering Defendant prays for relief as follows:**

1. That Plaintiffs take nothing by way of the Complaint;
2. That Defendant be awarded costs of suit herein;

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN

3. That Defendant be awarded reasonable attorney's fees for defense of this action on the grounds that the Plaintiffs' action is frivolous and in bad faith;

4. For such other and further relief as the Court may deem proper.

August 28, 2008

                              PATRICK K. FAULKNER
                              COUNTY COUNSEL

                              By: _____
                                  Stephen R. Raab
                                  Deputy County Counsel

ANSWER TO COMPLAINT FROM DEFENDANT COUNTY OF MARIN