UNITED STATES DISTRICT COURT

Northern District of California

MARIA COZZI,

                Plaintiff(s),              No. C 08-03633 PJH (MEJ)

  v.

MARIN COUNTY OF,              **DISCOVERY ORDER**

                Defendant(s).
_____/

On October 20, 2009, the parties in this action filed a joint letter detailing a discovery dispute concerning Plaintiffs' Responses to Defendant County of Marin's Requests for Production of Documents. (Dkt. #48.) Briefly stated, Defendant contends that each of the eight Plaintiffs filed responses asserting generalized "boilerplate" objections to the document requests and indicated that Plaintiffs would only produce "relevant, non-privileged documents." Defendant further argues that Plaintiffs Cozzi, Hsu, Monteverdi, and Pascale served their Responses on August 19, 2009 - two days after they were due - and therefore waived any objections. Defendant therefore requests that the Court order Plaintiffs: (1) to serve amended responses to Defendant's Requests and production of additional documents by a date certain; and (2) to appear for further deposition concerning all documents not previously produced. Defendant also request that the Court order that Plaintiffs' failure to provide the amended responses and documents will result in evidentiary sanctions.

Plaintiffs counter that Defendant has taken a "scorched-earth" discovery approach by serving staggered document requests that demand hundreds of documents pertaining to every line of the Complaint. Plaintiffs assert that they have produced all documents responsive to the Requests and have provided supplemental documents. They also argue that each of Defendant's contention requests sought material that was protected by attorney-client privilege and/or the attorney work

product doctrine. They thus contend that, "[w]ith the exception of privileged material contained in [P]laintiffs' counsel's own internal files, [P]laintiffs have produced everything that is responsive to these repeated sets of voluminous contention requests with the exception of approximately 30 pages of additional documents that were recently located by one of the [P]laintiffs (which were produced yesterday evening)," That being said, Plaintiffs also indicate that they proposed to Defendant that they would "go back a third time to check their records to make sure that nothing responsive remained." They also indicate that they proposed that they would withdraw their "vague, ambiguous, etc." objections, provided they would not need to produce any privilege log to support the attorney-client privilege and work product objections since the only files that are being withheld are the attorneys' own internal files pertaining to this matter." According to Plaintiffs, Defendant rejected these proposals.

The Court has carefully considered the parties' arguments and now **ORDERS** as follows:

1. Consistent with Plaintiffs' proposal, each Plaintiff shall search for any additional documents responsive to Defendant's requests and shall serve his/her Amended Response to Defendant's Requests for Production, along with any additional responsive, non-privileged documents, by **November 12, 2009**. To the extent that Plaintiffs have objections to Defendant's requests, Plaintiffs must specifically state both the legal and factual basis for each request; generalized objections without any explanation will not suffice and will be overruled. **Plaintiffs' failure to comply with this directive and to timely serve the Amended Responses will result in sanctions.**

2. To the extent Plaintiffs seek to withhold documents from production as privileged, Plaintiffs must either work out an agreement with Defendant as to those documents or serve a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5).

3. At this juncture, the Court **DENIES** Defendant's request to order Plaintiffs to appear for deposition with respect to any newly-produced documents. After the November 12th deadline, the parties shall meet and confer regarding the need for Defendant to depose any Plaintiff in connection with any newly-produced documents. If the parties fail to reach an

agreement, they may file a joint letter stating their respective positions.

**IT IS SO ORDERED.**

Dated: October 21, 2009

_____
Maria-Elena James
Chief United States Magistrate Judge